1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5664
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Attorneys for Plaintiff RYAN CHAYSE SMITH,
   on behalf of himself and all others similarly situated
6
                    UNITED STATES DISTRICT COURT
7
                    CENTRAL DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| RYAN CHAYSE SMITH, on behalf of himself and all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | CV13-01620 MMM (DTBx) |
| BLUE VALLEY TELE-MARKETING, INC., a Kansas corporation; and DOES 1 to 10 inclusive, | |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

### CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff RYAN CHAYSE SMITH brings this class action complaint against Defendant BLUE VALLEY TELE-MARKETING, INC., to stop Defendant's practice of making unsolicited phone calls to the telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### I.

### NATURE OF THE ACTION

1. Defendant BLUE VALLEY TELE-MARKETING, INC. is a telemarketing firm that attempts to delivery new business development, brand

- 1 -
**COMPLAINT**

development and Demographic and Interest Based Lead Generating Services to its clients in the United States.

2.  In an effort to promote new business development to its clients, Defendant, through its own telemarketing efforts, made millions of unsolicited phone calls to consumers nationwide that promote their customers products, including but not limited to magazines and other client products. Defendant promotes itself as capable of generating 3,520,000 calls per month.

3.  Neither Plaintiff SMITH, nor the other members of the proposed Class, ever provided their telephone numbers to Defendant for any purpose, nor did they consent to have Defendant make telephone calls to those telephones.

4.  By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their phone carriers for the receipt of such telephone calls.

5.  Defendant repeatedly made (or directed to be made on its behalf) unsolicited telephone calls to Plaintiff's and the other putative Class member's telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

6.  The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## II.
## PARTIES

7. Plaintiff RYAN CHAYSE SMITH is a natural person and citizen of the State of California.

8. Defendant BLUE VALLEY TELE-MARKETING, INC. is a corporation organized and existing under the laws of the State of Kansas with its principal place of business located at 1555 Pony Express Hwy, Home, Kansas. BLUE VALLEY TELE-MARKETING does business throughout the United States, the State of California and in this District.

## III.
## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

10. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District including directing telephone calls here and customer solicitation here. Plaintiff was at all times a resident of the county of Los Angeles in the state of California when he received the calls from Defendant.

## IV.
## COMMON FACTUAL ALLEGATIONS

11. Defendant BLUE VALLEY TELE-MARKETING specializing in telemarketing to delivery new business development, brand development and Demographic and Interest Based Lead Generating Services to its clients in the United

- 3 -
**COMPLAINT**

States.

12. In an effort to increase sales and generate new leads for its customers, BLUE VALLEY TELE-MARKETING has turned to unsolicited telemarketing to obtain new sales for its customers.

13. The unsolicited telemarketing calls are made to consumers who have never requested to receive them, never engaged in any interaction with BLUE VALLEY TELE-MARKETING, and are made on a repeat basis.

14. For example, from July 2012 to December 10, 2012, Plaintiff received numerous phone calls from Defendant on his cellular telephone (949) 285-1520. About half the time Plaintiff spoke to the representative that called him and half the time he ignored the phone call as he recognized the number so the call went straight to voice message. The sales representative would give a sales pitch to purchase one of the products Defendant was promoting. Plaintiff asked the representative every time he talked to them to place him on their do not call list. However, Plaintiff continued to receive calls from Defendant.

15. On October 19, 2012, Plaintiff called Defendant at (785) 799-3900, which was the number that had been calling Plaintiff for months. An automated message played and directed him to leave a voicemail. Plaintiff once again requested to be placed on the company's do not call list. Since Plaintiff's call was recorded this time, he assumed that it would be recognized and adhered to by the company.

16. However, the Plaintiff continued to receive calls thereafter and in fact the frequency of the calls increased, despite Plaintiff's repeated request to be placed on the do not call list. Plaintiff has phone records verifying that the company continued to call him on numerous occasions.

17. Plaintiff even had his cell phone number on the National Do Not Call Registry since he got the phone line in 2008. Plaintiff confirmed his

- 4 -
**COMPLAINT**

number was registered with the National Do Not Call Registry on December 21, 2012 after receiving the calls from the Defendant.

18. Plaintiff filed an official complaint with the Better Business Bureau on December 10, 2012. Plaintiff even sent a letter to Defendant on January 7, 2013 regarding the above stated facts.

19. Plaintiff believes the calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which calls are placed by a machine, and when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendant. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

20. Plaintiff never consented to, requested, or otherwise desired or permitted Defendant to make calls to his telephone. In fact, Plaintiff made numerous attempts to have these calls stopped prior to filing this lawsuit.

21. Defendant was and is aware that the above described telephone calls were and are being made to consumers without those consumers' prior express consent.

## V.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of himself and classes (the "Class") defined as follows:

Class 1- All individuals in the United States who received a telephone call, made by or on behalf of Defendant by an automatic telephone dialing

- 5 -

**COMPLAINT**

system, that promotes their customers products.

Class 2- All individuals in the United States who received a telephone call, made by or on behalf of Defendant by an automatic telephone dialing system, who have registered their telephone number on the National Do Not Call Registry, that promotes their customers products.

23. **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to millions of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

24. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

25. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct constitutes a violation of the TCPA;

(b) Whether the equipment Defendant used to make the telephone

- 6 -
**COMPLAINT**

calls in question was an automatic telephone dialing system as contemplated by the TCPA;

(c) Whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

(d) Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

27. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227

### (On behalf of Plaintiff and the Class)

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

- 7 -
**COMPLAINT**

29. Defendant and/or its agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class without their prior express consent to receive such calls.

30. Defendant made the telephone calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

31. Defendant and its agents utilized equipment that made, or had made on its behalf, the telephone calls to Plaintiff and other members of the Class simultaneously.

32. By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff and the Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(I)(A)(iii).

33. By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff and the Class's cellular telephones without prior express consent, who have registered their telephone number on the National Do Not Call Registry, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(c)(3)(F).

34. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

35. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**COMPLAINT**

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ryan Chayse Smith, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Ryan Chayse Smith as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## VII.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 6, 2013          LAW OFFICES OF KEVIN T. BARNES

By: _____
Kevin T. Barnes, Esq.
Gregg Lander, Esq.
Attorneys for Plaintiffs

**COMPLAINT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

**CV13- 1620 MMM (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY